Adrienne L. Conrad (SBN 318776)
Solin J. Melahaji (SBN 323564)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
adrienne.conrad@jacksonlewis.com
solin.melahaji@jacksonlewis.com

Attorneys for Defendant
WYNDHAM VACATION OWNERSHIP, INC. [*erroneously sued as* WYNDHAM RESORT DEVELOPMENT CORPORATION]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| PARISA ANDERSON, an individual<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM RESORT DEVELOPMENT CORPORATION, a corporation; and DOES 1-10, Inclusive,<br><br>Defendant. | Case No.:<br>[*Transferred from Riverside Superior Court Case Number PSC1901864*]<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA – PURSUANT TO 28 U.S.C. §§ 1332, AND 1441 (DIVERSITY)**<br><br>Hearing Date:<br>Time:<br><br>Complaint filed:   March 15, 2019<br>Trial Date: |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DIVISION OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant WYNDHAM VACATION OWNERSHIP, INC. ("Wyndham" or "Defendant"), erroneously sued as WYNDHAM RESORT DEVELOPMENT CORPORATION,[1] hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441, thereby removing the above-entitled action from the Superior Court of the State of California in and for the County of Riverside (the "Superior Court") to the United States District Court for Eastern Division of the Central District of California (the "District Court").

The following statement of grounds for removal is submitted pursuant to the provisions of Section 1446.[2]

**I.   STATEMENT OF JURISDICTION**

1. The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441, because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

**II.   PLEADINGS AND PROCESS**

3. On March 15, 2019, Plaintiff Parisa Anderson ("Plaintiff") filed a Complaint in the Superior Court of California, County of Riverside, entitled *Parisa Anderson, an*

---

[1] Plaintiff has incorrectly named Wyndham Resort Development Corporation as the Defendant in this matter. Wyndham Vacation Ownership, Inc., not Wyndham Resort Development Corporation, was Plaintiff's employing entity.

[2] All subsequent references to "Section" are to Title 28 of the United States Code.

*individual, v. Wyndham Resort Development Corporation, and DOES 1 through 10*, Case No. PSC 1901864. True and correct copies of the Complaint, Summons, and all accompanying documents filed by Plaintiff are attached to the Declaration of Adrienne L.

/ / /

Conrad ("Conrad Decl.") as **Exhibit "A."** (Conrad Decl., ¶ 2.) *See also* 28 U.S.C. § 1446(a).

4.  Plaintiff served Wyndham Vacation Ownership, Inc. on May 2, 2019.[3] (Conrad Decl., ¶ 3.)

5.  According to the Register of Actions for this matter in the Superior Court, a Proof of Service as to Wyndham Vacation Ownership, Inc. was not filed in this matter. The Superior Court has set an Order to Show Cause ("OSC") hearing on July 17, 2019, for Sanctions for Failure to File a Proof of Service. No other parties have been served with the Complaint. (Conrad Decl., ¶ 5.). *See also* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action").

6.  Wyndham Vacation Ownership, Inc. has not filed an Answer in the Superior Court. (Conrad Decl., ¶ 5.)

7.  In the Complaint, Plaintiff alleges five causes of action for: (1) Wrongful Termination; (2) Unpaid Wages; (3) Age Discrimination (California Government Code § 12900 et seq.); (4) Unlawful Business Practices; and (5) Intentional Infliction of Emotional Distress. (*See generally* Complaint, attached to Conrad Decl. as **Exhibit A)**

8.  Venue of this action lies in the United States District Court for the Central District of California – pursuant to 28 U.S.C. §§ 1441, *et seq*. and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

---

[3] Wyndham Vacation Ownership, Inc. was served by sheriff at the Wyndham offices in Indio, California.

## III. TIMELINESS OF REMOVAL

9. This Removal is timely because it is being filed within thirty (30) days after Wyndham Vacation Ownership, Inc. was served with a copy of Plaintiff's Summons and Complaint, on May 2, 2019. (*See* Conrad Decl., ¶ 3.)

10. This Removal is, therefore, filed within the time period mandated by Section 1446(b), since the deadline to remove is June 3, 2019. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding the thirty-day removal deadline is triggered by actual service of the complaint).

## IV. VENUE

11. This action was initially filed in the Superior Court in the County of Riverside, which sits within the Eastern Division of the Central District Court of California. 28 U.S.C. §§ 84(c)(1) ("The Central District comprises of 3 divisions, the Eastern Division comprises of the count[y] of . . . Riverside).

12. Thus, for purposes of Removal, venue properly lies in this District Court. *See* 28 U.S.C. § 1446(a).

## V. THE DISTRICT COURT MAY EXERCISE DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a).

13. This case meets the requirements of Section 1332(a) and may be removed to federal court pursuant to Section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

### A. The Parties Are Citizens of Different States.

14. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts

adduced establish the contrary."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (noting a party's residence is *prima facie* evidence of his domicile); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is *prima facie* the domicile").

15. Plaintiff was employed by Wyndham Vacation Ownership, Inc. from approximately February 1, 2016, through October 19, 2016. During which, Plaintiff worked within the County of Riverside, California. (Declaration of Tina Jordan ("Jordan Decl."), ¶ 3.)

16. Since February 2016, Plaintiff's residential address was in the County of Riverside, California. On the 2016 W-2 form for Plaintiff, the address is identified in the County of Riverside. (Jordan Decl., ¶ 4.) Also, Plaintiff's earning statements from pay dates February 11, 2016, through October 19, 2016, identified Plaintiff's address as in the County of Riverside. (Jordan Decl., ¶ 4.)

17. Plaintiff's Complaint affirmatively alleges that she at all relevant times worked in Indio, in the County of Riverside, California. (*See* Complaint, ¶ 12.) Therefore, **Plaintiff is presumptively a citizen of California**.

18. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

19. Wyndham Vacation Ownership, Inc. has been and is a corporation duly created, incorporated and organized under the laws of the State of Delaware, with its headquarters and principal place of business in the State of Florida. (Jordan Decl., ¶ 5.)

20. Given that Wyndham Vacation Ownership, Inc. is not incorporated in California, and is not headquartered in California, **Wyndham Vacation Ownership, Inc. is not a citizen of California**.

21. Pursuant to Section 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity of citizenship

between the parties to an action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding the "district court was correct in only considering the domicile of the named defendants"). Wyndham Vacation Ownership, Inc. is informed and believes, and on that basis asserts, that no other defendant in this action has been properly joined and served as provided in Section 1441(b)(2). (Conrad Decl., ¶ 4; **Exhibit B.**)

22. Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a).

**B.  Plaintiff's Complaint Places More Than $75,000 in Controversy.**

23. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

24. Courts "must assume that the allegations of the complaint are true and that a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[4] The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

25. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

///

---

[4] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Wyndham Vacation Ownership, Inc. in no way concedes that Plaintiff's claims are valid or that she is entitled to recover anything from Wyndham Vacation Ownership, Inc.

26. Plaintiff seeks damages in excess of $75,000. (*See* Complaint, Prayer for Relief ¶ 1-8 "[f]or general, special damages, waiting time penalties, treble damages, and punitive damages.")

27. Attorney's fees may be taken into account to determine jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), cert. denied, 459 U.S. 945. Plaintiff's attorney's fees are recoverable under the California Government Code and the Fair Employment and Housing Act. Govt. Code §12965(b). Attorney's fees in individual employment cases often exceed damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Accordingly, it is reasonable to consider Plaintiff's attorney's fees amounting to at least $75,000 through trial for purposes of calculating the amount in controversy in this action.

28. Punitive damages may also be included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994).

29. *Aucina v. Amoco Oil Co.*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

30. Ultimately, the evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court. Indeed, Plaintiff seeks to recover unpaid wages, treble damages, general damages, punitive damages, and emotional distress damages. In addition, the attorney's fees incurred through trial will very likely exceed $75,000.

31.     Thus, this civil action may be removed to this Court by Wyndham Vacation Ownership, Inc. pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth in paragraphs 1 through 31 above, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

32.     This Notice of Removal is filed within thirty (30) days after Wyndham Vacation Ownership, Inc. was properly served with a copy of the Summons and Complaint in this case and within one year after the state court action was filed. This Notice therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

## VI.   NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES

36.     As required by Section 1446(d), a copy of the Notice of Removal is being filed in the California Superior Court in and for the County of Riverside. (Conrad Decl., ¶ 6.)

37.     As also required by Section 1446(d), Wyndham Vacation Ownership, Inc. is serving Plaintiff, the only adverse party, and the Superior Court with this Notice of Removal, and will affirm such in a Declaration of Service. (Conrad Decl., ¶ 6, **Exhibit "C."**)

**WHEREFORE**, Wyndham Vacation Ownership, Inc. prays the above action now pending against it in the Superior Court for the State of California in and for the County of Riverside be removed therefrom to this District Court.

DATED: May 31, 2019                  JACKSON LEWIS P.C.

By: _/s/ Adrienne L. Conrad_
Adrienne L. Conrad
Solin J. Melahaji
Attorneys for Defendant
WYNDHAM VACATION OWNERSHIP, INC.

4823-8954-8184, v. 1