Robert Parker Mills, Esq.   (SBN 48342)
P.O. Box 1405
Manhattan Beach, Ca. 90267
310-469-3514

Attorney for Plaintiff Parisa Anderson

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
MAR. 1 5 2019
Stacy Antonacci

MAR 1 9 2019

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF RIVERSIDE

Parisa Anderson, an individual,
    Plaintiff,
vs.

Wyndham Resort Development Corporation,
a corporation, and DOES 1-10,
    Defendants.

Case No. PSC 1901864
filed:
assigned to:

COMPLAINT FOR DAMAGES FOR:
1. WRONGFUL TERMINATION
2. UNPAID WAGES
3. AGE DISCRIMINATION
4. UNLAWFUL BUSINESS PRACTICES

PLAINTIFF ALLEGES:

General Allegations

1. Parisa Anderson (hereinafter "Anderson" or "Plaintiff") is an individual and a resident of Riverside County, California.

2. At all times herein mentioned Defendant Wyndham Resort Development Corporation (hereinafter "Wyndham") was a corporation doing business in the County of Riverside.

3. The true names and capacities of the Defendants identified and named herein as Does 1 – 10, inclusive, whether individual, corporate, or otherwise are presently unknown to Plaintiff, who

therefore sues said Defendants by such fictitious names. Plaintiff will amend his Complaint to substitute such true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges each of the fictitiously named Defendants are responsible in some manner for the occurrences and damages alleged herein.

4. Plaintiff is informed and believes and thereon alleges each of the Defendants herein are now, and at all times relevant hereto were the agents, employees, servants, or alter egos of each of the other Defendants herein, and in doing the things hereinafter alleged, were acting within the scope and course of such agency and/or employment or alter ego relationship.

5. Named Defendants and Defendant Does 1 – 10, and each of them, are hereinafter collectively referred to as "Defendants."

## Jurisdiction and Venue

6. Venue in this court is appropriate under the Code of Civil Procedure §395 because the Defendant does business in Riverside County and within this judicial district.

7. Venue in this court is also appropriate under the Code of Civil Procedure §395 because the wrongful acts alleged causing injuries to Plaintiff occurred in Riverside County and in this judicial district.

8. Jurisdiction of the subject matter is appropriate in this court because the relief requested falls within the jurisdiction of the superior court and amount in controversy is in excess of $25,000.00.

## First Cause of Action
## WRONGFUL TERMINATION

9. Plaintiff incorporates paragraphs 1 through 8 of this complaint as though fully set forth herein

again and further alleges:

10. On or about 3/21/2016 Plaintiff was regularly employed by Defendant Wyndham Resort Development Corporation as a salesperson selling timeshares. Plaintiff was required to and was licensed as a real estate sales person to qualify for her position selling timeshares.

11. On or about 3/21/2016, while in the course and scope of her employment, Plaintiff was walking through the parking lot of Defendant's premises and was struck by a car backing out of a parking space. Plaintiff was injured and placed on leave under the Worker's Compensation Act.

12. On or about 8/16/2016 Plaintiff's doctor authorized her to return to work. On or about August 2016 Plaintiff inquired with Defendant about resuming her job duties. At the time, Defendant was advertising for the type of position Plaintiff had held in Indio, Oceanside and Anaheim, but when she inquired about resuming her job duties Defendant's agent told her that there were no openings in Indio and told her to apply in Oceanside. Plaintiff applied in Oceanside. It was at that time that Plaintiff found out that Defendant had terminated her from employment. In 2017 she again applied in Indio when the job was advertised, but was told that there were no openings.

13. At the time Defendant refused to allow Plaintiff to resume her job duties Defendant was advertising vacancies for the same or similar position Plaintiff has held. At the time of the accident, Plaintiff was in good standing in her employment and there was no reason to terminate Plaintiff other than because of the Worker's Compensation claim she had filed.

14. As a legal and proximate result of Defendant's wrongful termination, Plaintiff has suffered lost wages according to proof at trial.

//
//
//

PLAINTIFF'S COMPLAINT
3

## Second Cause of Action

## UNPAID WAGES

15. Plaintiff incorporates paragraphs 1 through 14 of this complaint as though fully set forth herein again and further alleges:

16. Between the months of January and March 2016 Plaintiff attended training and performed services within the scope of her employment. Under the terms of her employment, for two weeks in January 2016 Defendant was obligated to pay Plaintiff $70 per day which Defendant did not pay for a total of $700.00. Additionally Defendant failed to pay Plaintiff sales commissions of approximately $3,500.00. For the balance of the time period there were additional wages Defendant failed to pay Plaintiff.

17. As a legal and proximate result of Defendant's failure to pay wages Plaintiff has been damaged according to proof at trial.

18. Plaintiff is further entitled to waiting time penalties under California Labor Code §§201, 202 and/or 203 for failure to pay all wages immediately upon discharge.

19. Plaintiff is further entitled to treble damages under the Labor Code.

## Third Cause of Action

## AGE DISCRIMINATION

20. Plaintiff incorporates paragraphs 1 through 19 of this complaint as though fully set forth herein again and further alleges:

21. At all times herein mentioned Plaintiff was over the age of 60 years and an employee of Wyndham Resort Development Corporation.

22. At all times herein mentioned Plaintiff was a member of a class of persons protected by California Government Code 12900 (The California Fair Employment & Housing Act) against disparate treatment on the basis of her age.

23. In August 2016 Defendant discriminated against Plaintiff by wrongfully discharging her because of her age. Plaintiff did not find out about the wrongful discharge until August 2018 when she applied to return to work and Defendant refused to restore her to her position after an absence due to workplace injury all on the basis of her age and notwithstanding the fact that positions in the same location she previously worked were available.

24. As a legal and proximate result of Defendant's disparate treatment of Plaintiff on the basis of her age, Plaintiff has suffered damages according to proof at trial.

25. Defendant acted maliciously, fraudulently and oppressively and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and intentional manner, Plaintiff is entitled to recover punitive damages according to proof.

### Fourth Cause of Action
### UNLAWFUL BUSINESS PRACTICES

26. Plaintiff incorporates paragraphs 1 through 25 of this complaint as though fully set forth herein again and further alleges:

27. As incorporated herein by reference, Defendant's acts are in direct violation of the Labor Code. Specifically, Defendant had a legal duty to maintain the position open for Plaintiff when she was cleared by her doctor to return to her duties. Instead, Defendant refused to restore her to her position when she was released and when they were actually advertising the position to the public. Defendant had a duty not to consider Plaintiff's age in consideration of employment.

Defendant had a duty to pay Plaintiff for work and commissions and failed to pay Plaintiff for wages earned.

28. Defendants' acts were undertaken in the course of their business as a real estate sales business selling time shares. Defendants have no justification for their actions.

29. As a legal and proximate result of Defendants' unfair and illegal business practices, Plaintiff has been damaged in an amount according to proof at trial.

30. Plaintiff is further entitled to civil penalties under Business & Professions Code §17206.1 for

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates paragraphs 1 through 30 of this complaint as though fully set forth herein again and further alleges:

32. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned Defendant in performing these illegal and intentionally harmful acts acted without privilege.

33. Said acts by Defendant was extreme and outrageous and said conduct was done either with the specific intent to cause emotional distress or with a reckless disregard of the probability of causing such distress.

34. The acts of the Defendant caused the Plaintiff anger, chagrin, shame, worry, disappointment, and humiliation.

35. As a direct and proximate result of Defendant's conduct Plaintiff sustained extreme stress, anxiety, shock and nervous trauma and thereby suffered damages in an amount as yet to be determined.

36. Defendant's acts were willful and have caused Plaintiff damages to her reputation, and attorney fees and costs.

37. In doing the acts herein alleged Defendant acted willfully, maliciously, oppressively and in total and reckless disregard for the feelings and sensitivities of the Plaintiff, thereby causing extreme emotional distress to Plaintiff. Plaintiff is therefore entitled to punitive and exemplary damages against defendant according to proof.

WHEREFORE: Plaintiff prays for damages as follows:

1. For special damages under the first cause of action for Wrongful Termination

2. For special damages under the second cause of action for Unpaid Wages.

3. For waiting time penalties under the second cause of action for Unpaid Wages.

4. For Treble damages under the second cause of action for Unpaid Wages.

5. For Special Damages under the third cause of action for Unlawful Business Practices.

6. For special damages under the fourth cause of action for Intentional Infliction of Emotional Distress.

7. For general damages under the fourth cause of action for Intentional Infliction of Emotional Distress

8. For punitive damages under the fourth cause of action for Intentional Infliction of Emotional Distress.

Dated: March 13, 2019

*Robert Parker Mills*
Robert Parker Mills
Attorney for Plaintiff Parisa Anderson

COMPLAINT FOR DAMAGES
Case No.                                                                          7